UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAREENA BURNS,<br><br>    Plaintiff,<br><br>  v.<br><br>EURTACIA BODLE,<br><br>    Defendant. | Case No. 1:26-cv-01782-CDB<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES<br><br>(Doc. 3)<br><br>**14-DAY DEADLINE** |

Plaintiff Zareena Burns ("Plaintiff"), proceeding pro se, initiated this action with the filing of a request for temporary restraining order in state court against Defendant Eurtacia Bodle ("Defendant") before Defendant removed the case to this Court on March 4, 2026.  (Doc. 1).

On March 11, 2026, Defendant filed the pending motion to dismiss for lack of jurisdiction and served the motion upon Plaintiff.  (Doc. 3).  Plaintiff failed to file an opposition or statement of non-opposition as required under the Local Rules.  *See* Local Rule 230.

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  The Court has the inherent power to control its docket and may, in

the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, Local Rule 230 states in relevant part: "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed. A responding party who has no opposition to the granting of the motion *shall serve and file* a statement to that effect, specifically designating the motion in question." Local Rule 230(c) (emphasis added).

Here, Plaintiff's opposition or statement of non-opposition was due on or before March 25, 2026 (*see* Fed. R. Civ. P. 6(d)). Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed. Because Plaintiff's conduct violates Local Rule 230, the undersigned will order Plaintiff to show cause in writing why sanctions should not issue.

*Remainder of This Page Intentionally Left Blank*

**<u>Conclusion and Order</u>**

Accordingly, IT IS HEREBY ORDERED:

1. The Court **ORDERS** Plaintiff to show cause in writing **<u>within 14 days</u>** of the date of service of this order, why sanctions should not be imposed for her failure to comply with the Local Rules.  Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion to dismiss filed on March 11, 2026 (Doc. 3).

2. **Any failure by Plaintiff to respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **April 6, 2026**

_____
UNITED STATES MAGISTRATE JUDGE